## No. 6757.

### R. W. RAYNE & CO. vs. RICHARD TERRELL.

The certificate of the Recorder of mortgages stating that an act of partnership *in commendam* was registered in the mortgage office, in a certain book, of which the number and folio are given, there arises a legal presumption that the registry was made in the manner prescribed by law, especially when no attempt has been made to disprove the truth and correctness of said certificate.

A partner *in commendam* may have with the firm with which he is thus connected, all the business transactions which a stranger could have, without thereby taking part in the affairs of said firm and rendering himself liable for its debts.

Oral evidence is inadmissible to prove the promise of a person to furnish his signature on negotiable paper to another party, when the purpose of the evidence is to show that such person is liable for the debts of said other party by virtue of the promise.

APPEAL from the Sixth District Court for the parish of Orleans. *Rightor*, J.

---

#### *Singleton & Browne*, for Plaintiffs and Appellants:

We have shown:

First—That the defendant is liable as a general partner, because the act of commendam partnership was not recorded in the manner prescribed by law, and that the certificate of recordation is totally defective. R. C. C. 2845, 5838, 2848, 2847; 2 M. 345; 5 M. 193; 10 M. 59; 1 N. S. 522; 1 Rob. 1; 3 Rob. 33; 13 La. 345; 14 La. 246; 17 La. 587.

Second—We have shown that defendant is liable as a general partner because he took part in the business of the partnership. R. C. C. 2901, 5809.

Third—We have shown that the defendant ought to bear the loss of the sum sued for, and not the plaintiffs, upon that equitable principle which holds—"That when one of two innocent parties must suffer, he shall suffer who by his own acts occasioned the confidence and the loss." 5 Rob. 524; 6 An. 7; 13 Com. Law Reports, 253; 37 id. 54; 15 East. 42.

---

#### *T. Gilmore & Sons*, for Defendant and Appellee:

First—The allegations of the petition are inconsistent and contradictory, and plaintiffs should have been required to elect which of them they would pursue. C. P., Art. 152.

Second—The articles of partnership must be held to have been properly recorded in the absence of proof to the contrary. Ulman & Co. vs. Briggs, Payne & Co. et al., 32 An. 657.

Third—A partner *in commendam* does not make himself liable as a general partner by endors-

ing the note of the partnership, nor by lending his name as maker of a promissory note. Ulman vs. Briggs, Payne & Co. and Lewis, 32 An. 657; Rep. Jour. du Palais, vol. 11, p. 876, No. 1083; Delangle, Société Commerciale, Nos. 382-3; Troplong, Contrat de Société, No. 434, and other authorities.

Fourth—The general partner cannot by his (unauthorized) promise bind the partners *in commendam* individually as surety or guarantor of the debts of the partnership. Act No. 208 of 1858, § 3, p. 148.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiffs seek to hold the defendant liable for a balance of account, either as the commercial partner of J. R. Boarman or as warrantor.

After filing exceptions which were in part overruled and in part referred to the merits, the defendant denied all liability, setting up a special defense.

From a judgment against them, the plaintiffs have appealed.

We deem it unnecessary to review the rulings of the lower court on the exceptions, the more so as the defendant does not insist upon a revision.

On the merits, the plaintiffs made a *prima facie* case against J. R. Boarman, who is not a party to this suit.

Terrell contends that he never was an ordinary partner of Boarman; that he associated himself with him as a partner *in commendam* by a public act in 1871, for three years, which was duly recorded; that, at the expiration of that term, the partnership was continued for one year, and that the authentic act of extension was likewise put of record; and he annexes to his answer copies of the acts, with certificates of registry. Terrell further denies that he ever was in any other way interested in the business of Boarman.

The acts and certificates were offered in evidence. Plaintiffs contend that the defendant has not proved them to have been.*properly* registered.   They claim that the certificates do not show that the recorder of mortgages kept a separate book in which to record partnerships *in commendam* and that the acts were properly recorded in that book.

The first certificate is to the effect that the act of 1871 was *duly* recorded in B. 117, fol. 598, of the mortgage office for this city and parish.   The second certificate is simply: " Recorded in mortgage office New Orleans, 23d, 1874, in Book No. 118, fols. 517 and 518."

We must confess that these certificates are as meagre as they can possibly be; that they might, with great propriety, have been made more explicit; but, considering that there is attached to them a legal presumption of regularity, which does not appear to have been at all impugned in the lower court where they were put on file with the answer, so as to afford the plaintiffs ample opportunity to verify the correctness and the validity of the registry; and considering that, in this court where

they were first attacked, it was not alleged, even orally in the argument, that they were false and destitute of legal worth, we do not feel authorized to declare that they are insufficient, and will deem them as having substantially issued in compliance with the requirements of the law.

We cannot imagine that the plaintiffs did not make a verification, and cannot believe that, if they had found that the acts had not been properly recorded in the separate book which the law requires should be kept for the recording of partnerships *in commendam*, they would not have produced crushing evidence of improper registry.

The most that we could have done in furtherance of the ends of justice would have been to remand the case to enable the plaintiff to produce conclusive evidence of irregular registry; but we have not been asked to do so. 32 An. 661; 21 An. 361.

The acts appear, on their faces, to be in the form and to have the substance which the law requires, in that class of cases, to protect effectually partners *in commendam* from the general liability of ordinary commercial partners.

We do not understand that the plaintiffs find fault with them in that respect.

The next objection is: that, however complete the registry and evidence thereof may be, Terrell is again responsible, because he has taken an *active part* in the business of the partnership.

The evidence does not show that he has done any act from which strangers could be authorized to infer that he considered and represented himself an ordinary partner, liable solidarily for the debts of the concern. The very acts which are charged upon him as acts which make him liable for having taken a *part* in the business of the partnership, show that it is because he was not looked upon as such partner, but otherwise, that his personal obligations were at times required by the plaintiffs, as conditions for their dealings with Boarman.

If Terrell had been an ordinary partner, or, if originally a partner *in commendam*, he had forfeited the protection accorded him by law, and had thus become liable *in solido* with Boarman, why should the plaintiffs have insisted upon his making himself liable by notes drawn or endorsed by him to secure their transactions with Boarman? His liability as a general partner could not be magnified by the superaddition of his personal and individual responsibility as maker, or endorser, or security. But it is charged that he lent his name or signature, his credit and money, to the firm in which he claims to have been no more than a partner *in commendam*.

Such acts would not commit him to the liability sought to be saddled upon him.

From the fact that the partner *in commendam* is not allowed to

participaté in the affairs of the concern, it is not to be inferred that he must remain an idle by-stander and looker-on; and that any intervention on his part, whatever it may be, would be violative of law.

Partners *in commendam* are not forbidden from operating with the partnership, by selling to it, by buying from it, by lending money to it. Those different negotiations cannot be considered as acts of immixtion involving general liability.

When the partner *in commendam* deals with the concern his condition does not differ from that of a stranger. The principles of the French law are consonant with our own textual provisions on the subject now under consideration.

Troplong Société, No. 434; Pardessus Droit, Com. 4, No. 1050; Dedarride Société 1, No. 254 (3); Repertoire Journal du Palais, vol. 11, p. 876, No. 1083; Dalloz J. G. Vo. Société, No. 194.

It is only where a partner *in commendam* holds himself out as a partner, by actively conducting the business, or introduces his name in the partnership style, or declares his connections as a general partner, or acts in a manner in which a partner *only* could act, and third persons are justified to infer and do infer that he is a general partner and act upon that well-founded inference, that he can be held responsible to them, notwithstanding the validity of the form of the act of partnership *in commendam*, and the regular registry thereof in the proper office and in the proper book. The penalty inflicted is limited to such cases, and cannot be extended to others not mentioned. R. C. C. 2849; 21 An. 361; 32 An. 658.

The last ground on which Terrell is charged with responsibility is, that he had agreed to furnish paper on which he was to serve either as drawer or as endorser, to secure the obligations of Boarman, and that Boarman had made agreements to that effect with Terrell.

On the trial the plaintiffs sought to establish those facts by *oral* testimony, but, upon objection of the defendant, that the evidence required by law to prove that a party bound himself to assume and pay the debt of another must, be in writing, the Court refused to allow witnesses to be heard to the end proposed, and the plaintiffs excepted.

Either Terrell was or he was not an ordinary general partner. If he was, the testimony was irrelevant; if he was not, it was clearly illegal, as it tended to prove an assumption by him of the debts of the concern. The evidence was properly excluded. R. C. C. 2278; 23 An. 747; 24 An. 401; 26 An. 221; 30 An. 1290.

We think that the evidence and the law are with the defendant, and that the judgment complained of was correctly rendered.

It is, therefore, affirmed with costs.

Rehearing refused.